UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY L. PRESTON, #235170,

       Petitioner,

v.

       CASE NO. 2:24-CV-10671
       HON. LAURIE J. MICHELSON

RANDEE REWERTS,

       Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

This a *pro se* habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Harvey L. Preston ("Petitioner"), currently confined at the Carson City Correctional Facility in Carson City, Michigan, was convicted of carjacking, Mich. Comp. Laws § 750.529a, unarmed robbery, Mich. Comp. Laws § 750.530, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(c), following a jury trial in the Oakland County Circuit Court. In 2010, he was sentenced, in total, to 30 to 60 years' imprisonment. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=235170. His current petition appears to raise claims concerning the conduct of the prosecutor,

certain state courts rulings, and the effectiveness of defense counsel. (ECF No. 1.)

Petitioner, however, has previously filed a federal habeas petition challenging the same convictions and sentence, which was denied on the merits. *Preston v. Gidley*, No. 14-10606, 2017 WL 4572336 (E.D. Mich. Oct. 12, 2017). The Court also denied reconsideration and a certificate of appealability. *Preston v. Gidley*, No. 14-10606, 2017 WL 11496896 (E.D. Mich. Nov. 30, 2017). The United States Court of Appeals for the Sixth Circuit also denied a certificate of appealability, *Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. April 25, 2018), and the United States Supreme Court denied certiorari, *Preston v. Smith*, 139 S. Ct. 431 (2018).

Since then, the Sixth Circuit has denied Petitioner authorization to file a second or successive habeas petition on multiple occasions and now requires him to seek leave of court before requesting such authorization. *See, e.g., In re Preston*, No. 24-1010 (6th Cir. Jan. 11, 2024) (denying authorization and reaffirming that Petitioner must seek leave of court for future filings); *In re Preston*, 23-1997 (6th Cir. Jan. 11, 2024) (same); *In re Preston*, No. 23-1814 (6th Cir. Oct. 17, 2023) (denying Petitioner permission to seek authorization); *In Re Preston*, No. 23-1662 (6th Cir. Aug. 31, 2023) (same); *In Re Preston*, No. 22-1723 (6th Cir. Sept. 28, 2022) (same); *In re Preston*, No. 22-1072 (6th Cir. July 28, 2022) (denying authorization and requiring Petitioner to seek leave of court before seeking authorization); *In Re Preston*, No. 21-2620 (6th Cir. Sept. 23, 2021) (denying authorization); *In re*

*Preston*, No. 21-1071 (6th Cir. May 12, 2021) (same); *In re Preston*, No. 20-1641 (6th Cir. Dec. 8, 2020) (same); *In re Preston*, No. 18-1847 (6th Cir. Nov. 26, 2018) (same).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" federal habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has neither sought nor obtained appellate authorization to file a second or successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, and especially in light of the Sixth Circuit's prior orders, the Court concludes that it must transfer this case to them.

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631[1], *Sims v. Terbush*, 111 F.3d 45, 47

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought

(6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631"), and *In re Preston*, No. 24-1010 (6th Cir. Jan. 11, 2024).

SO ORDERED.

Dated: March 20, 2024

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was served upon Petitioner on the date indicated below by first class mail.

                                              s/Joseph Heacox
                                              Deputy Clerk

Dated: March 20, 2024

---

at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.